[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Kenneth H. Boyle, Jr., appeals his classification as a sexual predator pursuant to R.C. Chapter 2950. In his sole assignment of error, he contends that the state's evidence was insufficient to support the adjudication.
Boyle was convicted in 1986 of two counts of attempted rape, two counts of aggravated burglary, and one count of attempted felonious assault on a police officer. Boyle was sentenced to eight to forty years' incarceration. In October 2000, Boyle was returned from the penitentiary for the hearing at which he was adjudicated a sexual predator.
The facts underlying the 1986 convictions were that Boyle broke into the homes of several women. In each episode, the victim awoke to find Boyle standing naked in her bedroom, with his face painted white. In at least two of the incidents, Boyle tried to rape the victims. When a police officer saw Boyle acting suspiciously, he stopped to question Boyle. Boyle fled from the officer. After a long chase, the officer caught him. But Boyle struggled and tried to gouge the officer's eyes before he was subdued.
The record before the trial court included the grand-jury transcripts for the underlying offenses, the guilty-plea form, the sentencing entry, the presentence-investigation report, victim-impact statements, a 1993 psychological report from the correctional institution, and a "clinical risk assessment" by the institution's mental-health-services unit prepared in January 2000, as well as certificates reflecting Boyle's completion of several programs in the institution.
The 1993 psychological report included Boyle's description of his peeping into windows at the age of thirteen or fourteen. Boyle said that he would go from home to home and look into windows at naked women. He related that his urges continued to grow to the point that he began slipping into homes totally naked. He would take his clothes off, enter through a window, and stand over the women, because this gave him a very strong sense of control and power over them. He would sometimes touch them until they woke up. Boyle also indicated that he had an alcohol and drug abuse problem that had begun at an early age. The trial court was most concerned by the report's conclusion that Boyle could act out his problems in an alternative lifestyle, and that his behavior could go undetected until he re-offended.
The January 2000 risk assessment suggested that Boyle displayed a pattern of risk behaviors that were associated with sexual re-offense, including an unstable home environment, his being a victim of childhood abuse, and a 1997 diagnosis of exhibitionism, frotteurism, and voyeurism, as well as a past diagnosis for obsessive-compulsive personality disorder.
The record before us makes clear that the trial court considered the statutory factors from R.C. 2950.09 in making its determination that Boyle is a sexual predator. The court fully considered Boyle's mental conditions as indicated in the psychological report and assessment, his multiple victims, and the pattern of abuse and displays and threats of cruelty during the offenses. The court also referred to additional behavioral characteristics that contributed to Boyle's conduct, including his rationalizations and excuses for each of the offenses.
We conclude that the state's evidence was sufficient to support the court's finding that Boyle is likely to commit another sexually-oriented offense. Therefore, the judgment of the court of common pleas adjudicating Boyle a sexual predator is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.